WILLIAM KURTZ, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 27584.)

Court of Claims, December 19, 1944.

*Harry Kalman* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Edward R. Murphy* of counsel), for defendant.

DYE, J. This is a claim to recover damages for personal injuries sustained by the claimant. It is based on the negligence of the State.

The proof showed that on or about the 5th day of March, 1942, the claimant was an inmate of the Great Meadow Prison. Pursuant to the usual practice, he had been assigned to a work detail known as the utility company, which was under the charge of a prison keeper. On the day in question, the utility company was engaged in removing snow from the mess hall yard. Along one side of this yard, and adjacent to the outer prison wall, was a terrace about 26 feet in width and approximately 100 feet in length. It was supported by a concrete retaining wall 3 feet 8 inches high. The mess hall yard between the retaining wall and the building was covered with hard pavement.

On top of the terrace there was an accumulation of snow and ice forming a mound approximately 3 feet or 4 feet high. Preparatory to removing this accumulation in dump trucks, the keeper ordered the claimant to climb to the top of the mound and chop the ice and snow.

The claimant, who was wearing a pair of rubber galoshes issued by the prison authorities, obeyed the order of the keeper, climbed onto the mound of snow and ice, and was engaged in chopping when he slipped and fell, sliding down the slope of the mound, then over the edge of the terrace retaining wall onto the hard surface of the mess hall yard.

As a result of this fall, he sustained a very severe compound fracture of the bones of the right leg just above the ankle. He was confined to the hospital for a long period of time. The bones did not heal, and he underwent surgical treatment. Notwithstanding the exertion of every reasonable medical effort and treatment, the claimant has suffered a severe disability. At the time of the trial on April 17, 1944, which was over two years after the happening of the accident, he still had an open wound, and could only get about with the use of crutches.

Prior to his commitment to prison, he was employed as a painter, and it now appears that he will be prevented from pursuing his usual trade and occupation for a long period of time in the future, if not permanently, as the medical testimony confirms the fact that he has suffered a disability of at least 75% of the use of the right leg and 90% of the use of the right foot, which condition, with reasonable medical certainty, appears to be permanent.

In addition to the disability, pain and suffering, the claimant incurred liability for hospital, medical and doctor's bills subsequent to his release from Great Meadow Prison, amounting to $1,274.50, and the medical witness testified that he would be compelled to expend for treatment and medical care in the future the sum of at least $1,200.

It is contended that the danger was obvious, and that the keeper was negligent in requiring the claimant to climb onto the mound of snow and ice atop of the terrace without furnishing him with some cleats or spikes or other means to prevent him from slipping and falling, and failure to instruct and warn him as to the danger.

The State, on the other hand, defends on the ground that the claimant was guilty of contributory negligence in that through inadvertence and carelessness he backed off the terrace. In support of this contention they offer a statement signed by the claimant the morning following the accident, and which was attached to the prison accident report, which contained the following: " While spreading the snow, I backed to the retaining wall and slipped on the ice that was covering the wall, causing me to lose a foothold, and throwing me to the ground below."

The court sees nothing in this statement which damages the claimant's contention. It is undisputed that he slipped and fell while chopping the mound of ice ·and snow, and it makes little difference whether the manner of his precipitation over the retaining wall onto the paved surface of the mess hall yard was backwards, sideways or forward. He had been ordered by the keeper to perform duties in an obviously dangerous location. Nor was the claimant in a position to protest or complain about the keeper's order to chop the mound of snow and ice. The rules of the prison, with which the claimant was familiar, required that " inmates shall obey all orders promptly."

We feel that, under all the circumstances, the claimant was free from contributory negligence, and that the State, through its agents and employee, the keeper of Great Meadow Prison, was negligent and careless, and that it was this negligence which constituted the proximate producing cause of the accident.

An award has been made in the accompanying decision which we believe reasonably and fairly compensates the claimant for the damage sustained.

Let judgment be entered accordingly.